D. Ormonde Ritchie, J.
The defendant makes this motion for an order pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for an order dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. There are four causes of action alleged in the complaint, one on behalf of each of four plaintiffs. Each cause of action seeks recovery of damages for a statement made by defendant concerning the plaintiffs in the following words alleged by plaintiffs to be slanderous and defamatory: “ That many residents signed it under pressure and intimidation from undesirable characters.” It is alleged that the words were uttered concerning plaintiffs’ activities in circulating a petition favoring down-zoning of a parcel of property in North Bellport, New York. The words spoken by defendant are not slanderous per se. They do not impute commission of a punishable crime, a loathsome disease or impugn the ability of plaintiffs in their business, trades or professions. In order to sustain the causes of action, it must appear that the words spoken were wrongfully defamatory of plaintiffs and that special damages resulted therefrom. Sufficient pleading of special damages is required to *7 sustain a cause of action for slander where the utterances are not slanderous per se upon the well-founded theory that damages are presumed to result from words actionable per se whereas words outside such category, which are of a defamatory character, must be pleaded and proved to have resulted in damage. In determining whether the words spoken were or were not defamatory in nature, the norm of common usage and connotation must be applied in addition to the actual definition of such words. The word “ undesirable ” is defined in its use as an adjective as “ not wanted ” and “ disagreeable ”. In and of itself such a description of a person could not be said to be actionable. However, when coupled with other words descriptive of a person such as “character” and “intimidation” the definition of which is “ the act of making fearful by threats ” the complete descriptive phrase may well be subject to connotation as defamatory in the minds of hearers to a degree that a person so described would be shunned socially and businesswi.se, the latter resulting in financial loss. If such interpretation of the phrase spoken is capable, then coupled in the complaint with a sufficient allegation of special damage resulting therefrom, the cause of action must be held sufficient. The court finds that the first three causes of action are sufficient. The fourth must be and is dismissed as lacking a sufficient allegation of special damage. Accordingly the motion is denied as to the first three causes stated in the complaint and granted as to the fourth cause of action.